SCOTT WILKINS v. STATE OF MISSISSIPPI.

[47 South. 427.]

CRIMINAL LAW AND PROCEDURE. *Minutes of the court. Motion to correct. Evidence.*

Where a defendant, indicted for murder, appeared from the minutes of the court to have been sentenced as upon a plea of guilty of manslaughter, and moved the court at the same term to correct the minutes by setting aside the entry as untrue, the testimony of the defendant, the clerk of the court and the presiding judge is competent to prove the truth or falsity of the entry.

FROM the circuit court of Adams county.

HON. MOYSE H. WILKINSON, Judge.

Wilkins, appellant, was indicted for murder, and was sentenced to the penitentiary for twenty years under an alleged plea of guilty of manslaughter. From the judgments of the circuit court denying his motions to vacate the judgment, etc., and the conviction and sentence he appealed to the supreme court. The facts are stated in the opinion of the court.

CALHOON, J., delivered the opinion of the court.

In October, 1907, Wilkins was arraigned upon an indictment for murder, and pleaded not guilty, as the minutes of that term show. In April, 1908, the minutes show that Wilkins appeared and entered a plea of guilty of manslaughter, which was accepted by the consent of the district attorney, and he was sentenced to twenty years in the penitentiary on that plea. It appears that the clerk, by mistake, entered a verdict of guilty of manslaughter.

A few days afterwards the accused appeared and made his motion to correct the minutes and give him a trial, because he says, in his affidavit, that no jury had been impaneled, nor any verdict returned by a jury, and that he was indicted for murder, and had never been tried, and had never pleaded guilty to any

offense included in said indictment. On this motion and affidavit the court set aside the verdict and caused to be entered an order *nunc pro tunc* on the plea of guilty of manslaughter. Thereupon at the same April term, Wilkins entered his motion, supported by affidavit, to give him a trial, because he had never pleaded guilty to manslaughter or consented to the entry of any such plea. In support of this motion he offered the testimony of himself, and of the clerk of the court, and of the presiding judge, each of whom was examined; but the court refused to permit either to testify as to whether Wilkins had ever been placed on trial, or had ever consented to the plea of guilty for manslaughter, or had ever authorized any one to enter such a plea of guilty to any offense under the indictment. Objection to this testimony was made by the state, and sustained. The accused then filed a third motion to set aside the sentence of the court as it appeared on the minutes of that term, and the court overruled this motion.

This all occurring at the same term, we think it was competent for the accused to make this proof under his motions, and that it was erroneous for the court below to refuse him this right. No doubt the refusal was on the basis that the minutes imported absolute verity and could not be contradicted by oral testimony. This is not a correct view, where all the proceedings in question occurred at the same term, and the defendant had a right to introduce such testimony and have his bill of exceptions upon it, so that a review of the actions of the court could be had in this tribunal. The rule, of course, would have been different if the testimony had been offered to attack entries made at a previous term. Under our view, the case must be reversed and remanded; but this is done for inquiry only whether or not the plea of guilty of manslaughter was or was not made. If it was made and entered, it must stand, as must the sentence rendered upon it; otherwise, a trial for murder.

*Reversed and remanded.*